IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROBERT PULEO, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**MARRIOTT INTERNATIONAL, INC. and INTERNATIONAL HOSPITALITY ENTERPRISES, INC., CONDADO DUO LA CONCHA SPV, LLC,**<br><br>Defendants. | **CASE NO. 19-**<br><br>**UNJUST ENRICHMENT**<br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiff and the class of people he represents, through undersigned counsel, and very respectfully states and prays:

### I.   NATURE OF THE ACTION

1.   Defendants Marriott International, Inc., Condado Duo La Concha SPV, LLC, and International Hospitality Enterprises, Inc. ,("Defendants") own and/or operate the La Concha Renaissance San Juan Resort in San Juan, Puerto Rico. Defendants charge their guests resort fees calculated as a percentage of the applicable room rate, despite the fact that these resort fees are intended to compensate the hotel owner for certain fixed-cost amenities. As a result of this practice, Defendants have been unjustly enriched at Plaintiff's expense and Plaintiff seeks reimbursement of all amounts by which Defendants have been so enriched.

## II. PARTIES

2. Plaintiff Robert Puleo is an individual residing in New Jersey. Plaintiff stayed at the La Concha Renaissance San Juan Resort in May 2018 and was charged by and paid to Defendants resort fees calculated as a percentage of the room rate.

3. Defendant Marriott International, Inc. ("Marriott") is a Delaware corporation with its headquarters and principal place of business in Bethesda, Maryland. It owns and operates nearly 2,000 properties, and has nearly 4,500 franchised and licensed properties, worldwide.

4. Upon information and belief, Defendant Marriott International, Inc. owns and/or operates the La Concha Renaissance San Juan Resort in San Juan, Puerto Rico.

5. Defendant International Hospitality Enterprises, Inc. is a Puerto Rico corporation with its headquarters and principal place of business in Puerto Rico.

6. Upon information and belief, Defendant International Hospitality Enterprises, Inc. owns and/or operates the La Concha Renaissance San Juan Resort in San Juan, Puerto Rico.

7. Defendant Condado Duo La Concha, SPV, LLC is a Puerto Rico limited liability company with its headquarters in New York and its principal place of business in Puerto Rico.

8. Upon information and belief, Defendant Condado Duo La Concha SPV, LLC owns and/or operates the La Concha Renaissance San Juan Resort in San Juan, Puerto Rico.

9.

## III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), pursuant to which this Court has diversity jurisdiction because some class members are citizens of States different than Defendants, and because the amount in controversy exceeds the sum or value of $5,000,000.

11. Venue is proper in this District because the acts giving rise to Plaintiff's claims occurred in this District, and because Defendants do substantial business in this District.

## IV. FACTS

### A. Hospitality Industry in Puerto Rico

12. More than four million people visit Puerto Rico each year, making it one of the Caribbean's top tourist destinations.

13. Puerto Rico has dozens of daily flights to and from the United States mainland, Europe, and Latin America, and ports that accommodate all types of vessels and cruise ships. Unlike most other Caribbean destinations, United States citizens do not need a passport to enter Puerto Rico.

14. There are more than 130 hotels, with approximately 15,000 available hotel rooms, in Puerto Rico. Several thousand more rooms are currently planned or under construction.

15. In 2017, guests in Puerto Rico paid for more than 3.3 million hotel rooms at an average room rate of approximately $150.00 per night.[1]

### B. Resort Fees

16. A resort fee (also sometimes referred to as a resort charge, facility fee, destination fee, or amenity fee) is a per-room, per-night mandatory fee that a hotel or resort charges its guests in addition to the base room rate.

17. For example, hotels and resorts have long charged guests for specific amenities such as parking, internet access, and the use of pools or health clubs.

---

[1] https://www.prtourism.com/dnn/Portals/0/PDF_Statistics/Regs%20and%20Occup%20by%20Rms%202017.pdf?ver=2018-03-20-164618-880

18. In the late 1990s, hotels and resorts began charging mandatory resort fees to provide guests with certain amenities, including those listed above.

19. Hotels and resorts could provide the amenities without charging separate resort fees by making them optional to customers for additional fees, or, alternatively, bundling them with the room and including the cost of the amenities in the room rate.

20. Hotels and resorts instead charge resort fees for several reasons. First, hotels and resorts that charge resort fees can advertise cheaper room rates, with resort fees making up the balance of the total charged price, and thus appear comparatively attractive to potential consumers.

21. Second, hotels and resorts pay third-party booking agents (online booking sites such as Expedia and Travelocity, and travel agents) commissions based on the room rate, and not the resort fees, and thus hotels and reports collect 100 percent of the resort fee regardless of whether the guest books through a third party.

22. According to the Federal Trade Commission, in 2015, hotels and resorts in the United States charged, and guests paid, approximately $2 billion in resort fees.[2] In 2017, resort fees increased to $2.7 billion, and were projected to total $2.93 billion in 2018.[3]

C. **Defendants' Resort Fees**

23. Defendants, like many other hotels and resorts, charge resort fees. However, unlike most hotels and resorts, Defendants do not charge flat-fee resort fees for their hotels and resorts in Puerto Rico. Rather, they charge their guests either eighteen percent (18%) of the room rate or, if the guest is using loyalty points, $30 per day.

---

[2] https://www.ftc.gov/system/files/documents/reports/economic-analysis-hotel-resort-fees/p115503_hotel_resort_fees_economic_issues_paper.pdf
[3] https://www.businesstravelnews.com/Lodging/US-Hotel-Fees-and-Surcharges-Projected-to-Hit-2-93B-in-2018

24. These resort fees are charged regardless if the guests book their stay directly through Defendants or online through third-party companies such as Priceline, Expedia, or Booking.com.

25. Defendants' own website states, "Please note—Mandatory 18 percent resort fee added to room rate. Guests using Marriott Bonvoy points will be billed USD 30 per day."



26. On Expedia, as set forth below, guests are charged an 18% resort fee of $66.53 for a king-size room when the hotel charges $333.00 a night; and an 18% resort fee of $69.73 for the a king-size room with an ocean view, on the exact same date, when the king-size room rate is $349.00.[4]

---

[4] Expedia charges an 18% resort fee on the total cost of the room plus taxes. For example, $369.63 x 18% = $66.53, and $387.39 x 18% = $69.73.



27.    In both Expedia examples identified above, while the resort fees are different dollar amounts, they are the same 18% of the room rate, even though guests receive the same amenities.

28.    On Booking.com, as set forth below, guests pay an 18% resort fee. Thus, a guest who books a $349.00 a night king-size room pays an 18% resort fee of $62.82, and a guest who books the same room, on the same date, but is charged $373.00 a night, pays an 18% resort fee of $67.14.



29. On Priceline, as set forth below, guests pay an 18% resort fee. Thus, a guest who books a $309.00 a night king room pays an 18% resort fee of $55.62, and a guest who books the same room, on the same date, but is charged $333.00 a night, pays an 18% resort fee of $59.94.



30. The following is a portion Plaintiff's guest folio from his stay at Defendants' hotel in May 2018, showing resort fees of 18% of the room rate:

Guest Folio



We wish to thank you for choosing La Concha, A Renaissance Resort. We strive for dazzling style and nonstop fun in a retro urban showcase of cool and edgy, Latino chic lifestyle, with passionate and soulful hospitality and service.

Got all that? Hope we lived up to it! And when you're back in town, we certainly expect to serve you again, call us anytime at 787-721-7500 / 1-888-236-2427!

|  |  |
|---|---|
| **INFORMATION INVOICE** | |
| ROOM | 0655 |
| ROOM TYPE | STNK |
| NO. OF GUEST | 2 |
| RATE | RHRUS |
| MRW # | |
| CLERK | NVARGAS |
| DATE | 06-12-18 |
| PAGE No. | 1 of 3 |

GUEST NAME

Mr Robert Puleo

ARRIVE 05-09-18    TIME 13:14    DEPART 05-23-18    TIME 16:43    FOLIO# 27602168

| DATE | DESCRIPTION | REFERENCE NUMBER | CHARGES |
|---|---|---|---|
| 05-09-18 | Deposit Transfer at C/I | | -588.07 |
| 05-09-18 | ROOM CHARGES | | 179.00 |
| 05-09-18 | Resort Fee | | 32.22 |
| 05-09-18 | Room Tax | | 23.23 |
| 05-09-18 | Gratuity Housekeeping | | 2.00 |
| 05-09-18 | Gratuity Bellmen | | 4.00 |
| 05-10-18 | Gratuity Housekeeping | | 2.00 |
| 05-11-18 | Gratuity Housekeeping | | 2.00 |
| 05-12-18 | ROOM CHARGES | | 179.00 |
| 05-12-18 | Resort Fee | | 32.22 |
| 05-12-18 | Room Tax | | 23.23 |
| 05-12-18 | Gratuity Housekeeping | | 2.00 |
| 05-13-18 | ROOM CHARGES | | 179.00 |
| 05-13-18 | Resort Fee | | 32.22 |
| 05-13-18 | Room Tax | | 23.23 |
| 05-13-18 | Gratuity Housekeeping | | 2.00 |
| 05-14-18 | ROOM CHARGES | | 179.00 |
| 05-14-18 | Resort Fee | | 32.22 |
| 05-14-18 | Room Tax | | 23.23 |
| 05-14-18 | Gratuity Housekeeping | | 2.00 |
| 05-15-18 | ROOM CHARGES | | 179.00 |
| 05-15-18 | Resort Fee | | 32.22 |
| 05-15-18 | Room Tax | | 23.23 |
| 05-15-18 | Gratuity Housekeeping | | 2.00 |
| 05-16-18 | ROOM CHARGES | | 179.00 |

GUEST SIGNATURE _____

1077 Ashford Avenue, San Juan, Puerto Rico 00907 - T.787.721.7500 - F.787.977.4019 - LaConchaResort.com

Guest Folio



We wish to thank you for choosing La Concha, A Renaissance Resort. We strive for dazzling style and nonstop fun in a retro urban showcase of cool and edgy, Latino chic lifestyle, with passionate and soulful hospitality and service.

Got all that? Hope we lived up to it! And when you're back in town, we certainly expect to serve you again, call us anytime at 787-721-7500 / 1-888-236-2427!

**INFORMATION INVOICE**

| | |
|---|---|
| ROOM | 0354 |
| ROOM TYPE | TWNK |
| NO. OF GUEST | 2 |
| RATE | RHRSS |
| MRW # | |
| CLERK | NVARGAS |
| DATE | 06-12-18 |
| PAGE No. | 1 of 1 |

GUEST NAME

Mr Robert Puleo

ARRIVE 05-11-18     TIME 13:31     DEPART 05-13-18     TIME 12:34     FOLIO# 27602156

| DATE | DESCRIPTION | REFERENCE NUMBER | CHARGES |
|---|---|---|---|
| 05-11-18 | ROOM CHARGES | | 229.00 |
| 05-11-18 | Resort Fee | | 41.22 |
| 05-11-18 | Room Tax | | 29.72 |
| 05-11-18 | Gratuity Housekeeping | | 2.00 |
| 05-11-18 | Gratuity Bellmen | | 4.00 |
| 05-12-18 | ROOM CHARGES | | 229.00 |
| 05-12-18 | Room Tax | | 29.72 |
| 05-12-18 | Gratuity Housekeeping | | 2.00 |
| 05-13-18 | Rebate Rooms Miscellaneous Credit as jaccuzi never work during stay. As per RPalmero | | -100.00 |
| 05-13-18 | Visa Card | | -466.66 |

Balance     USD     0.00

GUEST SIGNATURE _____

1077 Ashford Avenue, San Juan, Puerto Rico 00907 - T.787.721.7500 - F.787.977.4019 - LaConchaResort.com

31.     On May 9, 2018, Plaintiff was charged a room rate of $179.00 and a resort fee of $32.22 (18% of the room rate).  On May 11, 2018, he was charged a room rate of $229.00 and a resort fee of $41.22 (18% of the room rate).

32.     As stated above, resort fees are designed to compensate the hotel or resort for amenities such as internet access, parking, and the use of pools or health clubs.

33.     The per-guest cost of providing these amenities is fixed, assuming a constant occupancy rate. This is illustrated by the fact that Defendants charge a flat-rate resort fee to guests paying with loyalty points.

34.     For all other guests, however, Defendants charge resort fees as a percentage of the room rate, despite the fact that the per-guest cost of providing the amenities does not vary.

35.     That portion of each resort fee above the actual per-guest cost of the amenities, plus some profit, constitutes unfair and unjust enrichment to Defendants at their guests' expense.

## V.     CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of the following class:

> All guests of La Concha Renaissance San Juan Resort that paid a
> resort fee from August 1, 2004 to the present (the "Class").

37.     Excluded from the Class are Defendants, or any person, firm, corporation, or other entity related to or affiliated with Defendants, or in which the Defendants have or had a controlling interest.

38.     The members of the Class are so numerous and so geographically dispersed that the individual joinder of all Class members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, the Class numbers in at least the thousands and is ascertainable by appropriate discovery of Defendants' billing records. Class members may be

11

notified of the pendency of this action by direct U.S. mail and/or email using a form of notice similar to that customarily used in class actions.

39. Common questions of law or fact exist as to all members of the Class and predominate over any questions which affect only individual Class members. These common questions of law or fact include, without limitation:

    a. Whether Defendants' practice of charging resort fees based on a percentage of the room rate, versus a flat fee, is unfair or unjust;

    b. Whether Defendants' failure to disclose the terms and conditions governing the resort fees, including what services and amenities are covered, is unfair and unjust;

    c. Whether Defendants wrongfully obtained a legal benefit by virtue of their resort fee practice;

    d. Whether Plaintiff and the Class members enriched Defendants to their detriment by paying the resort fees;

    e. Whether in good conscience and equity, Defendants should be entitled to retain the resort fees paid by Plaintiff and the Class members;

    f. Whether Defendants have been unjustly enriched at Plaintiff and Class members' expense; and

    g. Whether Plaintiff and the Class members are entitled to disgorgement, and, if so, the amount of such restitution.

40. Plaintiff's claims are typical of the claims of the claims of the members of the Class, and Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex class-action cases. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the class, and have the

financial resources to do so. Neither Plaintiff nor his counsel has any interests adverse to those of the Class members.

41. A class action is appropriate because the prosecuting of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

42. A class action is appropriate because the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. There is no special interest in the Class members in individually controlling the prosecution of separate actions. Absent a class action, many Class members would likely find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law. Absent a class action, Class members will continue to suffer harm and Defendants' misconduct will proceed without remedy. The class treatment of common questions of law or fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

## VI. CAUSES OF ACTION

### COUNT I
### UNJUST ENRICHMENT

43. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

44. Defendants' practice of charging resort fees based on a percentage of the room rate, versus a flat fee, is unfair and unjust.

45. Defendants' failure to disclose the terms and conditions governing the resort fee, including what services and amenities are covered by the resort fee, is unfair and unjust.

46. Defendants wrongfully obtained a legal benefit by virtue of their resort fee practice.

47. Plaintiff and the Class members enriched Defendants to their detriment by paying the resort fees.

48. In good conscience and equity, Defendants should not be entitled to retain the resort fees paid by Plaintiff and the Class members.

49. As a result, Defendants were unjustly enriched at Plaintiff and the Class members' expense.

50. Plaintiff and the Class members seek full disgorgement and restitution of the amounts Defendants retained as a result of its unlawful and/or wrongful conduct.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment in their favor and against Defendants as follows:

A. Determine that the action is a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; appoint Plaintiff as Class representatives; and appoint the undersigned counsel as Class Counsel;

B. Awarding disgorgement and restitution in an amount to be established at trial;

C. Awarding attorneys' fees and costs, and other relief;

D. Granting such other and further relief as to this Court may seem just and proper.

## VIII.  JURY DEMAND

Plaintiff, individually and on behalf of the Class, requests a jury trial on all issues so triable.

September 9, 2019                                      Respectfully submitted,

                                                       */s/ Jane A. Becker Whitaker*
                                                       Jane A. Becker Whitaker
                                                       Jean Paul Vissepo Garriga
                                                       BECKER & VISSEPO, PSC
                                                       U.S.D.C. 205510
                                                       P.O. Box 9023914
                                                       San Juan, Puerto Rico 00902-3914
                                                       Tel: (787) 945-2406
                                                       E-mail:     jbw@beckervissepo.com
                                                                   jp@beckervissepo.com

                                                       J. Barton Goplerud (pro hac vice to be filed)
                                                       Brian O. Marty (pro hac vice to be filed)
                                                       Brandon M. Bohlman (pro hac vice to be filed)
                                                       SHINDLER ANDERSON GOPLERUD &
                                                       WEESE PC
                                                       5015 Grand Ridge Dr
                                                       West Des Moines, IA 50265
                                                       Telephone:   (515) 223-4567
                                                       Facsimile:   (515) 223-8887
                                                       Email:       goplerud@sagwlaw.com
                                                                    marty@sagwlaw.com
                                                                    bohlman@sagwlaw.com

                                                       Robert K. Shelquist (pro hac vice to be filed)
                                                       LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                                                       100 South Washington Ave., Suite 2200
                                                       Minneapolis, MN 55401
                                                       Telephone:   (612) 339-6900
                                                       Facsimile:   (612) 339-0981
                                                       Email:       rkshelquist@locklaw.com

                                                       Charles J. LaDuca (pro hac vice to be filed)
                                                       Katie Van Dyck (pro hac vice to be filed)
                                                       CUNEO GILBERT & LADUCA, LLP
                                                       4725 Wisconsin Ave, NW
                                                       Washington, DC 20016
                                                       Telephone:   (202) 789-3960
                                                       Email:       charlesl@cuneolaw.com
                                                                    kvandyck@cuneolaw.com

Shanon J. Carson (pro hac vice to be filed)
Michael C. Dell'Angelo (pro hac vice to be filed)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone:  (800) 424-6690
Facsimile:  (215) 875-4604
Email:  scarson@bm.net
  mdellangelo@bm.net

*Attorneys for Plaintiff*